IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LATONYA TUCKER,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )          Civil Action No. 3:24-cv-131–HEH
                                         )
AMAZON,                                  )
                                         )
                    Defendant.           )

## MEMORANDUM OPINION
### (Granting Motion to Confirm Arbitration Award and Dismiss the Complaint)

THIS MATTER is before the Court on a letter filed by Defendant Amazon ("Defendant") on September 23, 2024. (ECF No. 14.) In the letter, Defendant represented that the parties attended an arbitration hearing on September 9, 2024, and that the arbitrator issued a written final award in Defendant's favor. (*Id.*) In the letter, Defendant asked "that the Court dismiss this case with prejudice." (*Id.*) The Court construes the letter as Motion to Confirm the Arbitration Award and Dismiss the Case under 9 U.S.C. § 9 (the "Motion"). By Order of this Court, Defendant filed a copy of the arbitration award on October 4, 2024. ("Award," ECF No. 16-1). For the following reasons, the Court will grant the Motion and dismiss the Complaint with prejudice.

The Federal Arbitration Act ("FAA") provides that if parties "have agreed that a judgment of the court shall be entered upon [an] award made pursuant to . . . arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10

and 11 of this title." 9 U.S.C. § 9.  Simply put, "'a court must confirm an arbitration award unless a party to the arbitration demonstrates that the award should be vacated under one of . . . four enumerated grounds' in 9 U.S.C. § 10." *Weirton Med. Ctr., Inc. v. QHR Intensive Res., LLC*, 682 F. App'x 227, 228 (4th Cir. 2017) (quoting 9 U.S.C. § 10).

A court may vacate an award if it was procured by fraud, if there was evident corruption or unfair prejudice to one party in the conduct of the arbitration, or if the arbitrator exceeded his or her power. *See id.*; 9 U.S.C. §§ 10(a), 11.  The party opposing an arbitration award bears the burden to show that the award should be vacated. *Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 443 (4th Cir. 2020) ("The party seeking to vacate an arbitration award bears a 'heavy burden.'") (quoting *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 235 (4th Cir. 2006)).

On October 22, 2024, Plaintiff Latonya Tucker ("Plaintiff"), who is *pro se*, filed a short letter objecting to the Award, contending the arbitrator was unfair and did not hear certain evidence.  (ECF No. 18.)  Specifically, Plaintiff stated, "I do not believe the arbitrator was fair in his judgment and he excluded the audio footage he heard that is the basis for my case." (*Id.*)  Notwithstanding this objection, Plaintiff did not elaborate on this argument or provide exhibits to the Court.  Notably, Plaintiff does not challenge the Award's authenticity.

In the Award, the arbitrator explains that during the hearing both parties were permitted to testify or call witnesses.  (Award at 2.)  Plaintiff testified on her own behalf, she submitted multiple exhibits to the arbitrator, and she cross-examined Jasmine Cummings, who testified on behalf of Defendant.  (*Id.*)  The arbitrator further stated, "At 1:50 p.m. on September 9, 2024, both parties confirmed that they had no further proofs to offer or witnesses to be heard.  I declared the hearing closed." (*Id.*)  While the arbitrator ruled

2

against Plaintiff on her discrimination claim, he found that a portion of her claim had merit. (*Id.* at 3 ("I do find that Claimant demonstrated that her appeal of the deactivation of her Flex account, and her pursuit of this claim in arbitration, was necessary to secure the remedial reactivation of her account.").) Consequently, although the arbitrator denied Plaintiff's overall claim, he ruled that Defendant should reimburse her for the filing fee she incurred, if any, and that Defendant would bear the fees and expenses of arbitration "as provided in the Amazon Flex Independent Contractor Terms of Service." (*Id.*)

Under these circumstances, the Court finds that Plaintiff's assertions fail to satisfy her burden to show that the Award should be vacated, set aside, or otherwise disregarded. *See CarMax Auto Superstores, Inc. v. Sibley*, No. RWT 16-cv-1459, 2018 WL 11423004, at *2 (D. Md. Aug. 15, 2018), *aff'd*, 767 F. App'x 462 (4th Cir. 2019) (granting a motion to confirm arbitration award when the party opposing arbitration "ask[ed] this Court to disagree with the Arbitrator in how he executed his duty based on mere conclusory assertions.") Because Plaintiff has failed to make the requisite showing, and finding it appropriate to do so, the Court will confirm the Award. *See Weirton Med. Ctr., Inc.*, 682 F. App'x at 228. Consequently, the Court will grant the Motion and dismiss the Complaint with prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and personally to Plaintiff, who appears *pro se*.

/s/

Henry E. Hudson
Senior United States District Judge

Date: March 10, 2025
Richmond, Virginia